IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANIEL ERIC COBBLE,<br>Reg. no. 97872-020,<br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)   CIVIL ACTION NO. 2:19-CV-642-ALB<br>)<br>)<br>)<br>) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

Daniel Eric Cobble, a frequent federal litigant, filed this civil action as a "petition for redress under Title 31 U.S.C. 3723 tort violation" challenging the conditions of his confinement in the Sumter County Jail in Americus, Georgia.  Doc. 1 at 1.[1]  Cobble argues he is "being illegally denied protective custody" by jail officials because he is in "imminent danger."  Doc. 1 at 1.

Upon review of the complaint, the court finds that this case should be transferred to the United States District Court for the Middle District of Georgia pursuant to the provisions of 28 U.S.C. § 1406.[2]

---

[1] Cobble asserts this action is not a "42 U.S.C. 1983, not habeas [and] not mandamus[.]"  Doc. 1 at 1.  Since this case is being transferred to the United States District Court for the Middle District of Georgia, the proper nature of this civil action is left to that court.

[2] Upon initiation of this civil action, Cobble seeks leave to proceed *in forma pauperis*.  Doc. 1 at 46.  It is clear to this court that Cobble's repeated allegations of being in "imminent danger" are an effort to avoid application of the "three strikes" bar set forth in 28 U.S.C. § 1915(g) to the current civil action.  However, under the circumstances of this case, determination of Cobble's *in forma pauperis* status, including whether he is in "imminent danger" of a serious physical injury, should be undertaken by the United States District Court for the Middle District of Georgia.  This court likewise refers the motion to appoint counsel set forth

## II. DISCUSSION

A federal civil "action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). The law further provides that when a case is filed "laying venue in the wrong division or district" the court may, "if it be in the interest of justice, transfer such case to any district . . . where it could have been brought." 28 U.S.. § 1406(a); *see also* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought[.]").

The Sumter County Jail in Americus, Georgia is located within the jurisdiction of the United States District Court for the Middle District of Georgia. Thus, the specific actions and conditions about which Cobble complains occurred or are occurring in the Middle District of Georgia. Moreover, it is clear from the complaint that the individuals personally responsible for the challenged actions reside in the Middle District of Georgia. Under these circumstances, the claims asserted by Cobble are beyond the venue of this court. However, it is clear from the face of the complaint that the proper venue for this cause of action is the United States District Court for the Middle District of Georgia.

---

in the complaint, Doc. 1 at 45, and any other miscellaneous motions not addressed by this court to the transferee court for review and disposition.

In light of the foregoing, the court finds that in the interest of justice and for the convenience of the parties this case is due to be transferred to the United States District for the Middle District of Georgia for review and disposition.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Middle District of Georgia pursuant to the provisions of 28 U.S.C. § 1406(a).

On or before **September 25, 2019**, the plaintiff may file objections to the Recommendation.  Any objection must specifically identify the findings in the Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the plaintiff from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993)("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the

party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 11th day of September, 2019.

                                           /s/   Charles S. Coody
                                           UNITED STATES MAGISTRATE JUDGE